UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 9:25-cv-12661-RMG ) |
| S&P SPECIAL FRAMING LLC; MILTON SARAVIA; and AMADEO VENEGAS RIOS | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGEMENT**

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, files this complaint for declaratory judgment against Defendants S&P SPECIAL FRAMING LLC ("S&P Framing"), MILTON SARAVIA ("Saravia"), and AMADEO VENEGAS RIOS ("Venegas") and states:

**NATURE OF ACTION**

1. Atain requests that the Court issue a judgment pursuant to 28 U.S.C. § 2201 declaring that it has no duty to defend or indemnify S&P Framing or Saravia in the underlying lawsuit entitled *Amadeo Venegas Rios v. TTI Power Equipment Manufacturing, Inc., et al.*, 2023-CP-07-01315, pending in the Court of Common Pleas, Fourteenth Judicial Circuit, in Beaufort County, South Carolina (the "*Venegas* Litigation" or "*Venegas* Complaint"), or to indemnify Venegas for Medical Payments benefits.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3. This Court has authority to grant Atain declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and FED. R. CIV. P. 57.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the *Venegas* Litigation and the insurance coverage dispute between Atain and S&P Framing concerning the *Venegas* Litigation occurred in this district. Further, the Venegas Litigation is brought in Beaufort County, South Carolina, and at least one defendant to this action is domiciled in this district.

5. All conditions precedent to bringing this action have occurred or have been waived.

## THE PARTIES

6. Atain is a Michigan corporation with its principal place of business in Oakland County, Michigan. Atain is a surplus lines insurance company under S.C. Code § 38-45-10, *et seq.* and issued a Commercial General Liability ("CGL") Policy to S&P Framing (the "Policy").

7. S&P Framing is a South Carolina limited liability company with its principal place of business in Colleton County, South Carolina. S&P Framing is an insured under the Policy issued by Atain.

8. Saravia is a citizen of or individual domiciled in South Carolina. Saravia is an employee of S&P Framing and is named as a defendant in the *Venegas* Litigation.

9. Venegas is a citizen of or individual domiciled in South Carolina and is the Venegas in the *Venegas* Litigation.

## COMMON ALLEGATIONS

10. *The Venegas Litigation:* The *Venegas* Litigation arises from an alleged incident on about June 15, 2021 involving a bodily injury suffered by Venegas at a construction project in Bluffton, South Carolina.

11. On May 15, 2024, Venegas filed a complaint seeking damages for his injuries, a copy of which is attached as Exhibit "A."

12. In the *Venegas* Complaint, Venegas alleges that while he was working at the construction project, he attempted to start a generator by pulling the pull starter, after which the generator ignited the contents of a fuel tank, erupting into a conflagration, resulting in much of his body being engulfed in flames. Ex. A. ¶¶7-10.

13. Venegas alleges that earlier in the day, Saravia, S&P Framing's employee, poured gasoline into the tank and inadvertently spilled gasoline on the outer components of the generator and also failed to properly secure the cap on the top of the generator's fuel tank, thus causing the contents of the generator to ignite. Ex. A. ¶¶11-13.

14. Venegas alleges that he was not aware of the condition of the generator prior to attempting to start it. Ex. A. ¶14.

15. Venegas alleges that Saravia was negligent in his operation of the generator in leaving it in a state in which it was more likely to cause a fire hazard. Ex. A. ¶22.

16. Venegas alleges that S&P Framing was the employer of Saravia and/or Saravia acted as an agent of S&P Framing. Ex. A. ¶23.

17. Venegas alleges that S&P Framing is vicariously liable for the actions of its alleged agent or employee, Saravia. Ex. A. ¶24.

18. Venegas alleges that S&P Framing was negligent in its hiring, retention and training of Saravia, knowing that Saravia was not properly trained in the operation of generators and other power equipment on the job site, and had engaged in practices that were negligent, reckless, wanton, and in violation of state and federal occupational safety practices at the job site and in his past employment. Ex. A. ¶25.

19. Venegas alleges that S&P Framing was negligent *per se*, reckless, willful and wanton in violating state and federal occupational safety laws and practices in its management of the job site. Ex. A. ¶26.

20. Venegas alleges, as a proximate result of such negligence and recklessness, he has suffered, and it is reasonably anticipated that he will continue to suffer in the future, injuries and damages relating to: deterioration of his physical health; medical and related expenses; physical disfigurement; loss of income; pain and suffering; loss of enjoyment of life; and mental pain and suffering. Ex. A. ¶27.

21. *The Construction Project*: At the time of the incident alleged in the Underlying Complaint, Venegas was employed by JRQ Contracting, LLC ("JRQ").

22. At the construction project referenced in Plaintiff's Complaint, JRQ was a subcontractor to S&P Framing.

23. S&P Framing was in turn a sub-contractor to HGR Construction ("HGR"), the general contractor for the project.

24. On information and belief, S&P Framing would qualify as a statutory employer of Venegas under South Carolina's Workers' Compensation law.

25. On May 5, 2025, Venegas was deposed in the *Venegas* Litigation. A transcript of that deposition is attached as Exhibit "B."

26. At deposition, Venegas testified that he sued Saravia and S&P Framing because he was working for them:

> Q: Okay. And you've also sued Milton Saravia and S&P Special Framing, LLC. Do you understand that?
>
> A: Correct.
>
> Q: What they -- what did they do wrong?
>
> A: I don't know.
>
> Q: Then why'd you sue him?
>
> A: I was working for him.
>
> Q: Okay. You sued Milton Saravia and S&P Special Framing because you were working for them; is that right?
>
> A: Yeah. I was working for them.

Ex. B. at Pg. 93, ll. 12-22.

27. At deposition, Venegas further testified that his employer was working for Saravia's employer on the date of the alleged fire:

> Q: Were you working for Aristeo's company on the day of the fire?
>
> A: Yes.

> Q: Okay. And was Aristeo's company working for Milton's company on the day of the fire?
>
> A: Yes.

*Id.* at Pg. 103, ll. 19-24.

28. Venegas also referred to Saravia as the "boss." *Id.* at Pg. 27, ll. 3-7; Pg. 54, l. 22- Pg. 55, l.1.

29. On August 28, 2025, Saravia was deposed in the *Venegas* Litigation. A copy of Saravia's deposition transcript is attached as Exhibit "C."

30. Saravia testified that S&P Framing hired Venegas's employer as a subcontractor on the subject construction project:

> Q: Okay. Who's your employer today?
>
> A: I don't understand.
>
> Q: Who's your -- who gives you your paycheck?
>
> A: S&P, the company called S&P.

Ex. C, Pg. 12, ll. 7-10.

> Q: And in June 2021, at the time of the accident, you were a supervisor or a project foreman; is that fair to say?
>
> A: I was both a supervisor and a worker. I worked alongside the guys.

*Id.*, Pg. 13, ll. 7-11.

> Q: So I'm trying to get a little understanding of sort of the hierarchy of these projects. So your firm, S&P, is hired by the general contractor; is that your understanding?
>
> A: No.
>
> Q: Can you explain?

> A: We're contracted by specialty commercials; yes.
>
> Q: And so you're a subcontractor?
>
> A: Yes.
>
> Q: And then there are additional subcontractors beneath you?
>
> A: Yes.
>
> Q: Okay. So like Amadeo was working for another subcontractor who's beneath you, at the time of the accident; correct?
>
> A: Yes.

*Id.*, Pg. 15, ll. 8-24.

31. **<u>The Atain Policy</u>**: Atain issued its Commercial General Liability Policy No. CIP422473 to S&P Framing as the sole named insured, effective June 11, 2021 through June 11, 2022 (the "Policy"). A true and correct copy of the Policy is attached as Exhibit "D." The Policy provides limits of $1,000,000 per occurrence, subject to its terms and conditions.

32. The Policy provides Bodily Injury Liability Coverage and Medical Payments Coverage pursuant to Form No. CG 00 01 04 13, which includes the following pertinent provisions:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will

>   have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
>   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>   (2) The "bodily injury" or "property damage" occurs during the policy period …

**2. Exclusions**

This insurance does not apply to …

> **d.** **Workers' Compensation and Similar Laws**
>
>   Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law. …

**COVERAGE C - MEDICAL PAYMENTS**

**1. Insuring Agreement**

>   **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:
>   **(1)** On premises you own or rent;
>
>   **(2)** On ways next to premises you own or rent; or
>
>   **(3)** Because of your operations;
>
>   provided that:
>
>   **(a)** The accident takes place in the "coverage territory" and during the policy period;

      **(b)**    The expenses are incurred and reported to us within one year of the date of the accident; and

      **(c)**    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require. …

**2.**    **Exclusions**

We will not pay expenses for "bodily injury" …

   **b.**    **Hired Person**

      To a person hired to do work for or on behalf of any insured or a tenant of any insured.

   **d.**    **Workers' Compensation And Similar Laws**

      To a person, whether or not an "employee" of any insured if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

   **g.**    **Coverage A Exclusions**

      Excluded under Coverage **A**. …

## SECTION V — DEFINITIONS

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. …

**10.**   "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker." …

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. …

**19.**   "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasons or short-term workload conditions.

> 20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you. ...

(Ex. D, Form No. CG 00 01 04 13).

33. The Policy also includes Form No. AF000839 04-21, titled "Exclusion – Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers Or Volunteers" ("Employer's Liability Exclusion"), which provides, in pertinent part:

> **EXCLUSION—EMPLOYEES, SUBCONTRACTORS, INDEPENDENT CONTRACTORS, TEMPORARY WORKERS, LEASED WORKERS OR VOLUNTEERS**
>
> **I.** Exclusion **e.**, **Employer's Liability** in Part **2**, **Exclusions** of **SECTION I— COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY OF THE COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is replaced by the following:
>
> **e.    Employer's Liability**
>
> 1. "Bodily injury" to:
>
>    a. Any "employee", "temporary worker", "leased worker", or "volunteer worker" of any insured;
>    b. Any other person performing work or services for any insured; or
>    c. Any "subcontractor" or "independent contractor" or any "employee" of any "subcontractor" or "independent contractor"
>
>    Arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

    2.    Any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to anyone identified in paragraph 1 of this endorsement;

    3.    "Bodily injury" sustained by the spouse, parent, brother, sister, companion or offspring of anyone identified in paragraph 1 of this endorsement;

    4.    Contractual liability as defined in Section I—Exclusions, item 2b of the Commercial General Liability Coverage Form CG 0001.

This exclusion applies to all causes of action arising, in whole or part, out of "bodily injury" to anyone identified in paragraph 1. Of this endorsement, including care and loss of services.

When there is no coverage for any one insured under this endorsement, coverage is also excluded for any other insured (and section IV.7.b of form of the Commercial General Liability Coverage Form CG0001 shall not apply). ...

### III. Endorsement Definitions

For the purposes of this endorsement, "subcontractor" includes, but is not limited to, any persons or entities employed by, working with, hired by, loaned to, or contracted by any "subcontractor," including any downstream sub-subcontractors or "independent contractors."

For the purposes of this endorsement, "independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. "Independent contractor" includes, but is not limited to, any persons or entities employed by, working with, hired by, loaned to, or contracted by any "independent contractor," including any downstream sub-subcontractors or other "independent contractors."

For the purposes of this endorsement, "Employee" is defined as follows: "Employee" includes a "leased worker." ...

(Ex. D, Form No. AF000839 04-21).

34. S&P Framing and Saravia tendered the *Venegas* Litigation to Atain for a defense and indemnification. Atain is providing a defense to S&P Framing and Saravia under a reservation of rights, specifically reserving its rights under the Policy's Employer's Liability Exclusion and Workers' Compensation Exclusion, and reserving its right to seek a judicial declaration that there is no duty to defend or indemnify S&P and Saravia for the *Venegas* Litigation.

35. Over the course discovery in the *Venegas* Litigation, it has become an uncontested fact that Venegas was a an employee of a subcontractor of S&P Framing, or was otherwise performing work or services on behalf of S&P Framing or Saravia.

36. Further, the course of discovery in the Venegas Litigation has established as an uncontested fact that Venegas is a statutory employee of S&P Framing under the South Carolina's Workers' Compensation Act.

## COUNT I-DECLARATORY JUDGMENT
## EMPLOYER'S LIABILITY EXCLUSION

37. Atain re-alleges and incorporates paragraphs 1 through 36 as if fully alleged in this Paragraph 37 of Count I.

38. Both Venegas and Saravia admit that Venegas's employer was a subcontractor of S&P Framing or was otherwise working on behalf of S&P Framing.

39. Under the "Exclusion – Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers Or Volunteers" endorsement, there is no insurance coverage for S&P Framing or Saravia because the Policy excludes coverage for liability arising out of "bodily injury" to an employee of any subcontractor, any

employee of an independent contractor or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured.

40. Accordingly, Atain has no duty to defend or indemnify S&P Framing and Saravia for the *Venegas* Litigation.

## COUNT II-DECLARATORY JUDGMENT
## WORKERS' COMPENSATION EXCLUSION

41. Atain re-alleges and incorporates paragraphs 1 through 36 as if fully alleged in this Paragraph 41 of Count II.

42. S&P Framing is a statutory employer of Venegas under South Carolina's Workers' Compensation Act and therefore its obligations to Venegas are under South Carolina's Workers' Compensation Law.

43. Under the Policy's Workers' Compensation Exclusion, there is no coverage for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

44. Accordingly, Atain has no duty to defend or indemnify S&P Framing for the *Venegas* Litigation.

## COUNT III-DECLARATORY JUDGMENT
## NO MEDICAL PAYMENTS COVERAGE

45. Atain re-alleges and incorporates paragraphs 1 through 36 as if fully alleged in this Paragraph 45 of Count III.

46. Venegas is not entitled to any Medical Payments benefits and Atain has no obligation to provide Medical Payments coverage under the Policy because such coverage is excluded under Coverage Part C.2.b (Hired Persons), which provides there is

no coverage for "bodily injury" to a person hired to do work for or on behalf of any insured or a tenant of any insured.

47. Venegas is not entitled to any Medical Payments benefits and Atain has no obligation to provide Medical Payments coverage under the Policy because such coverage is excluded under Coverage Part (C.2.d.), which provides that there is no coverage for bodily injury to a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

48. Venegas is not entitled to any Medical Payments benefits and Atain has no obligation to provide Medical Payments coverage under the Policy because the Policy's "Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers Or Volunteers" endorsement, and the Workers' Compensation Exclusion under Coverage Part A are incorporated into Coverage Part C under Exclusion C.2.g. (Coverage Part A Exclusions).

49. Accordingly, Atain has no obligation to provide Medical Payments Coverage for the "bodily injury" allegedly sustained by Venegas.

## COUNT IV-DECLARATORY JUDGMENT
## MISCELLEANEOUS POLICY TERMS

50. Atain re-alleges and incorporates paragraphs 1 through 36 as if fully alleged in this Paragraph 50 of Count IV.

51. Atain fully incorporates each and every remaining policy term, condition, exclusion or endorsement.

52.     To the extent such additional terms, conditions, exclusions or endorsements eliminates coverage for the *Venegas* Litigation, Atain does not have any obligation to defend or indemnify S&P Framing or Saravia in connection with any claim that is otherwise outside the scope of coverage under the Policy, or any other applicable exclusion, limitation, or endorsement contained within the Policy.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, requests that:

A.   This Court takes jurisdiction over the parties and subject matter of this declaratory judgment action;

B.   That the Court enter judgment declaring that Atain has no obligation to defend or indemnify S&P Framing and Saravia for the *Venegas* Litigation;

C.   That Atain is not obligated to provide Medical Payments Coverage for the "bodily injury" allegedly sustained by Venegas; and

D.   Award Atain costs, as well as any further relief that this Court deems equitable and just.

/ /

/ /

/ /

/ /

/ /

/ /

Respectfully submitted,

**ATAIN SPECIALTY INSURANCE COMPANY**

COOPER | TIERNEY

*/s/ M. Linsay Boyce*
Lindsey W. Cooper Jr. (Fed. ID No. 9909)
M. Linsay Boyce (Fed. ID No. 11952)
Dustin J. Pitts (Fed. ID No. 13511)
36 Broad Street, 3rd Floor
Charleston, SC  29401
P: 843-375-6622
F: 843-375-6623
Email: lwc@coopertierney.com
         linsay@coopertierney.com
         djp@coopertierney.com

September 22, 2025September 22, 2025
Charleston, South CarolinaSeptember 22, 2025